## TOM HALEY V. THE STATE.

No. 22455. Delivered March 31, 1943.
Rehearing Denied (Without Written Opinion) May 5, 1943.

The opinion states the case.

*Alex P. Pope,* of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a twelve months' jail sentence on a charge of violation of the liquor laws.

There is no statement of facts in the record. The first bill of exception complains of the action of the trial court in overruling the motion for a continuance because of the absence of Hubert Curbo, who would testify to an alibi for the appellant. The court did not err in overruling this motion. The motion fails to state that there is a reasonable expectation that the attendance of the witness can be obtained at the next term of court. Renfroe v. State, not yet reported. (Page 363 of this volume). The qualification of the court shows that the witness was charged in cause No. 6862 in the county court with an offense against the laws of the State and that said cause was called for trial and the witness, being the defendant in that cause, did

not answer. His bond was forfeited and an alias capias issued for his arrest. He was, therefore, a fugitive from justice. 9 Texas Jurisprudence, section 119, page 816. Furthermore, it is shown, and the trial court found, that the evidence sought, if true, could have been proven by other witnesses.

By another bill of exception the appellant complains that he was not allowed on cross-examination of the State's witness J. G. Garrison to bring out what work the witness did before he became an inspector for the Texas Liquor Control Board. There was no error in this action because the bill fails to show that the defendant would have been able to prove anything that would have reflected on the credibility of the witness. Nor is this the proper way to affect the credibility of the witness. It is immaterial what work the witness did prior to his connection with the Texas Liquor Control Board so far as this bill indicates.

Finding no error in the record, the judgment of the trial court is affirmed.